**PERKINS COIE LLP**
BOBBIE J. WILSON (Bar No. 148317)
bwilson@perkinscoie.com
JOSHUA A. REITEN (Bar No. 238985)
jreiten@perkinscoie.com
DAVID J. TSAI (Bar No. 244479)
dtsai@perkinscoie.com
ANAHIT SAMARJIAN (Bar No. 279417)
asamarjian@perkinscoie.com
Four Embarcadero Center, Suite 2400
San Francisco, California 94111-4131
Telephone: (415) 344-7000
Facsimile: (415) 344-7050

Attorneys for Defendants
HITRON TECHNOLOGIES AMERICAS INC.,
TODD BABIC, and GREGORY FISHER

**NASSIRI & JUNG LLP**
CHARLES H. JUNG (Bar No. 217909)
cjung@nassiri-jung.com
JOHN J. MANIER (Bar No. 145701)
jmanier@nassiri-jung.com
633 West 5th Street, 28th Floor
Los Angeles, California 90071
Telephone: (213) 626-6200
Facsimile: (213) 284-3900

Attorneys for Defendant
HITRON TECHNOLOGIES INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SMC NETWORKS, INC., | Case No. SACV12-1293 JLS (RNBx) |
| Plaintiff, | [*Hon. Josephine L. Staton*] |
| v. | **DEFENDANTS' JOINT MOTION *IN LIMINE* NO. 2 RE: EXCLUSION OF EVIDENCE RETENTION AND CONSULTATION WITH COUNSEL** |
| HITRON TECHNOLOGIES INC., a Taiwan corporation; HITRON TECHNOLOGIES AMERICAS INC., a Colorado corporation; TODD BABIC, an individual; GREGORY FISHER; an individual, and DOES 1-20, inclusive, | Pre-Trial Conf.: November 22, 2013<br>Time: 1:30 p.m.<br>Courtroom: 10A |
| Defendants. | Removal Filed: October 3, 2012<br>Trial Date: December 17, 2013 |

# NOTICE OF MOTION AND MOTION

TO PLAINTIFF AND ITS COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on November 22, 2013, at 1:30 p.m., at the Final Pretrial Conference, or as soon thereafter as the matter may be heard before the Honorable Josephine L. Staton in Courtroom 10A of the United States District Court, Central District of California, 411 West Fourth Street, Santa Ana, CA 92701-4516, Hitron Technologies Inc. ("Hitron Taiwan"), Hitron Technologies Americas Inc. ("Hitron Americas"), Todd Babic, and Gregory Fisher (collectively, "Defendants") will and do hereby move *in limine* for an Order precluding Plaintiff SMC Networks, Inc. ("SMC") from introducing any argument or evidence (documentary, testimonial, or otherwise) related to Defendants' consultations with or retention of attorneys in connection with actual or potential legal disputes with SMC, including but not limited to Defendants Todd Babic's and Gregory Fisher's consultations with or retention of attorneys prior to the beginning of their employment with Hitron Americas. This Motion is made pursuant to Rules 401, 402, and 403 of the Federal Rules of Evidence on the grounds that such evidence is irrelevant and, in any event, substantially more prejudicial and likely to confuse the issues than probative in this case.

This Motion is based on this Notice, the attached Memorandum of Points and Authorities, the concurrently-filed Declaration of Joshua A. Reiten ("Reiten Decl."), all pleadings and papers on file in the instant action, and any other matters that may be considered by the Court at any hearing on this Motion. This Motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on October 18, 2013.

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

This Motion asks the Court to exclude all evidence and argument related to Defendants' consultations with or retention of attorneys in connection with potential legal disputes with SMC, and specifically is directed at Defendants Todd Babic's and Gregory Fisher's consultations with or retention of counsel prior to the beginning of their employment with Hitron Americas.

In its briefing opposing Defendants' motions for summary judgment, SMC referred to "Fisher['s] and Babic['s] express concerns to Hitron about potential claims by SMC" and Fisher's and Babic's "ask[ing] Hitron to indemnify them." This briefing signals SMC's plans to present at trial evidence of Babic's and Fisher's  Americas.  Indeed, SMC refused to stipulate to the exclusion of such evidence during meet-and-confer discussions on the instant Motion. Any such evidence should be excluded, however, because it is irrelevant since there is no connection between the evidence and SMC's claims against Defendants. Further, it is entirely speculative to infer that Babic and Fisher were in any way acknowledging any alleged wrongdoing by being "concerned" about claims by SMC. Finally, even if such evidence were marginally relevant, it would be substantially more prejudicial than probative in this case, and would additionally confuse the actual issues. For these reasons, this Court should exclude all such evidence.

## FACTUAL BACKGROUND

On August 16, 2013, each Defendant filed motions for summary judgment, or alternatively, for partial summary judgment. Dkts. 108-111. SMC filed oppositions to these motions on September 6, 2013. Dkts. 158-161. Among other things, SMC referred in its opposition papers to "Fisher['s] and Babic['s] express concerns to Hitron about potential claims by SMC" and Fisher's and Babic's

"ask[ing] Hitron to indemnify them." *See, e.g.,* Dkt. 159 at 6; Dkt. 158 at 6; Dkt. 161 at 7; Dkt. 160 at 7.

Further, during discovery in this litigation, SMC took several depositions of Defendants' witnesses during which SMC questioned witnesses about documents that mentioned Babic's and Fisher's communications with their private attorneys. Reiten Decl. ¶10. SMC also referenced Babic's and Fisher's communications with private counsel in its Second Supplemental Responses to Babic's and Fisher's respective First Sets of Interrogatories. *Id.* Exhs. 383, 385. And SMC refused to stipulate to the exclusion of such evidence at trial during meet-and-confer discussions regarding the parties' respective motions *in limine*. Reiten Decl. ¶11. The foregoing references signal SMC's intent to introduce evidence of such communications at trial.

## ARGUMENT

**I.  Evidence of Babic's and Fisher's Retention of and Communications With Attorneys Is Irrelevant Under FRE 401 and Should Be Excluded Under FRE 402.**

Irrelevant evidence is not admissible. Fed. R. Evid. 402. To be relevant, evidence must have a "tendency to make a fact more or less probable than it would be without the evidence" and must be of "consequence in determining the action." Fed. R. Evid. 401. A rule of thumb is to inquire whether a reasonable person might believe the probability of the truth of the consequential fact to be different if he knew of the proffered evidence. *United States v. Brashier*, 548 F.2d 1315, 1325 (9th Cir. 1976) (internal citations and quotation marks omitted); *see also United States v. Hanigan*, 681 F.2d 1127, 1131 (9th Cir. 1982) (evidence properly excluded when irrelevant to an issue before the jury).

Here, there is no basis on which to conclude that the fact Babic and Fisher (or other Defendants) separately consulted attorneys tends to prove or disprove any consequential fact. Put differently, a juror would not believe the truth of any

- 2 -

consequential fact to be different if shown this evidence because this evidence is immaterial to SMC's causes of action.

For example, the fact that Babic and Fisher communicated with their respective private lawyers before joining Hitron Americas does not tend to prove that they had misappropriated trade secrets, owed and breached a fiduciary duty, breached any contract, or engaged in any of the other alleged misconduct.

As suggested by its briefing mentioning Babic's and Fisher's so-called "concerns" about potential claims by SMC and requests for indemnification, SMC may argue that this evidence shows that Babic and Fisher: (1) knew that their leaving SMC was wrongful, and/or (2) planned to commit wrongful acts in the future when they started working for Hitron Americas. SMC may argue that this evidence reveals Babic's and Fisher's acknowledgment of their own alleged wrongdoing. These arguments fail, and this evidence remains irrelevant, for at least two reasons.

*First*, it is entirely speculative and remote to rely on the fact that Babic and Fisher each consulted with private attorneys to establish that Babic and Fisher allegedly knew that they had committed or were going to commit wrongful acts. It is just as likely that Babic and Fisher consulted with attorneys for various other reasons. For example, Babic and Fisher may have believed that they were entirely innocent and had done nothing wrong but knew that SMC was a struggling company with poor management that might file a lawsuit solely to impede Babic and Fisher from competing against SMC. Or Babic and Fisher may have simply been very diligent in ensuring that everything being done by them and their new employer was done correctly and thoroughly according to law.

Just as Defendants could not use such evidence to show that Babic and Fisher did not actually commit the wrongful acts alleged by SMC, SMC cannot use this evidence to try to prove the opposite.

- 3 -

*Second*, neither Babic's nor Fisher's state of mind related to the alleged misconduct, nor their knowledge of what they were legally bound to do or not do, are elements or factors in any cause of action alleged in the SAC. No evidence of Babic and Fisher retaining and communicating with counsel, therefore, would have a "tendency to make a fact more or less probable than it would be without the evidence." *See* Fed. R. Evid. 401. SMC's causes of action against Babic and Fisher are for breach of contract, breach of confidence, breach of fiduciary duty, tortious interference with prospective economic advantage, and misappropriation of trade secrets. None of these causes of action require Babic and Fisher to have known that what they were allegedly doing was wrongful or illegal. If SMC is able to prove that Babic and Fisher in fact *did* the acts alleged (which it cannot), SMC will have proven its case. No evidence that Babic and Fisher consulted attorneys and therefore somehow *knew* they were doing unlawful acts is necessary, and further, even if Babic and Fisher *knew* that some act was unlawful, their knowledge does not provide evidence that they actually undertook those acts. Evidence which has no probative value with respect to any issue is not admissible, and the trial judge has the duty to exclude such evidence from consideration by the jury. *United States v. Higgins*, 362 F.2d 462, 464 (7th Cir. 1966).

**II.    Even If Marginally Relevant, Evidence of Babic's and Fisher's Retention of and Communication With Attorneys Is Substantially More Prejudicial and Confusing Than Probative and Should Be Excluded Under FRE 403.**

A court may exclude otherwise relevant evidence "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Where the evidence is of very slight (if any) probative value, it's an abuse of discretion to admit it if there is even a modest likelihood of unfair prejudice or small risk of misleading jury." *United States v. Hitt*, 981 F.2d 422, 424 (9th Cir. 1992); *see also Diede v. Burlington Northern R.*

- 4 -

*Co.*, 772 F.2d 593, 595-96 (9th Cir. 1985) (excluding testimony concerning largely irrelevant tax evidence where, even if evidence were relevant, its probative value was outweighed by danger that it would confuse the issues, mislead the jury, and waste court's time).

Here, even if evidence of Defendants' retention of or communications with attorneys could be somehow considered relevant, its relevance has very little probative value because any inference made from such evidence would be speculative and of "no consequence in determining the action." Fed. R. Evid. 401. Indeed, such evidence has a far greater than "modest likelihood of unfair prejudice or small risk of misleading the jury." *Hitt*, 981 F.2d at 424.

That Babic and Fisher (or other Defendants) consulted attorneys about the possibility of being sued by SMC and their negotiations for employment with Hitron Americas does not make it more or less probable that any Defendant did or failed to do the acts alleged by SMC. Instead, such evidence presented to the jury would create substantial prejudice and confusion in the mind of the jury because members of the jury may unreasonably jump to the conclusion that Defendants *must* be liable if they spoke to attorneys about being sued. Additionally, such evidence will likely confuse the issues and waste the jury's and the Court's time. *See, e.g., Faulkner v. National Geographic Soc.*, 576 F. Supp. 2d 609, 613 (S.D.N.Y. 2008) (evidence going only to show willfulness not admissible when willfulness was not a material issue and "its only function would be in service of an attempt by plaintiff to prejudice the jury's assessment of damages and, if it proves to be in issue, liability by portraying defendants in an unflattering light."); *Freidus v. First Nat. Bank of Council Bluffs*, 928 F.2d 793, 795 (8th Cir. 1991) (testimony of CPA properly excluded as potentially confusing or misleading to jury in breach of contract suit where CPA's explanation of adverse tax consequences had tenuous relevance to issues in suit); *Park West Radiology v. CareCore Nat. LLC*, 675 F. Supp. 2d 314, 325 (S.D.N.Y. 2009) (any probative value of documents, references,

- 5 -

DEFENDANTS' MOTION *IN LIMINE* NO. 2
Case No. SACV12-1293 JLS (RNBx)

and testimony related to allegations of fraud by nonparties was substantially outweighed by possibility of confusion of issues when such evidence had "only tangential bearing" to issues and claims disputed in case); *Lewis v. City of Chicago Police Dept.*, 590 F.3d 427, 442-43 (7th Cir. 2009) (testimony regarding defendant's supervisor's retaliatory motive excluded because it was too speculative and did not actually connect supervisor's conduct to the discrimination complaint).

Consequently, any suggestion, reference, or testimony related to Defendants' communications or consultations with or retention of attorneys is either entirely irrelevant or of such little probative value compared with the risk of prejudice and confusion that this Court should exclude such evidence.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant this Motion and enter an order precluding SMC from introducing at trial any suggestion, reference, or testimony related to Defendants' communications or consultations with or retention of attorneys.

DATED: October 25, 2013         Respectfully,

**PERKINS COIE LLP**

By: _____*/s/ Bobbie J. Wilson*_____
           BOBBIE J. WILSON

Attorneys for Defendants HITRON
TECHNOLOGIES AMERICAS INC.,
TODD BABIC and GREGORY FISHER

**NASSIRI & JUNG LLP**

By: _____*/s/ John J. Manier*_____
           JOHN J. MANIER

Attorneys for Defendant HITRON
TECHNOLOGIES INC.

- 6 -

DEFENDANTS' MOTION *IN LIMINE* NO. 2
Case No. SACV12-1293 JLS (RNBx)